## Ex Parte Arthur Wasson.

### No. 3466. Decided October 24, 1906.

#### Habeas Corpus—Bail—Justice of the Peace—Examining Court—Sheriff—Surrender of Surety—New Bond.

Where upon appeal from habeas corpus proceedings the record showed that appellant had been granted bail by a justice of the peace in examining court, and that subsequent thereto one of his sureties surrendered him to the sheriff, and that the appellant tendered the sheriff a new bond which the sheriff refused; whereupon appellant sued out a writ of habeas corpus before a district judge, and offered the above facts in evidence, which the court rejected and went into the merits of the case, and remanded the appellant to the custody of the sheriff without bail. Held, error, and under article 319, Code of Criminal Procedure, it was not *optional with the sheriff to fix the amount of bail;* and under article 295, Code Criminal Procedure, an increase of bail could not be had without proper affidavit, etc. The action of the justice of the peace fixing bail was final until indictment found or on application to increase the bail; and the district judge should have ordered the sheriff to take the bail as fixed by the justice of the peace.

Appeal from the District Court of Howard. Tried below before the Hon. James L. Shepherd, in vacation.

Appeal from an order remanding appellant to the custody of the sheriff without bail.

The opinion states the case.

*H. B. Edgar, Douthit & Littler, Morrison & Morrison,* for relator.— Whitener v. State, 38 Texas, 146; White's Code Crim. Proc., art. 320.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant sued out a writ of habeas corpus before Judge J. L. Shepherd, of the 52nd judicial district. The statement of facts, as well as the application for the writ of habeas corpus, show the then status of the case against appellant, to the effect that for the offense involved in this case he had been arrested and tried before W. S. Willis, justice of the peace of precinct number 1 of Dawson County, on June 11, 1906, and was admitted to bail by the order and judgment of the examining court in the sum of $5,000, which bail he gave. Subsequent to this, one of his sureties surrendered him to the sheriff. After this applicant tendered the sheriff a new bond, which the sheriff refused. These proceedings were shown in the application for the writ of habeas corpus, and they were shown to the judge as the reason why he should grant bail or authorize the sheriff to take bail. Notwithstanding this, the court went into a hearing of the case on its merits, and refused bail to applicant. During the trial appellant offered testimony of the magistrate and the proceedings before him, granting bail in said case; and also the surrender by one of his sureties, and the taking of appellant into custody and the tender of a

new bond for his appearance at the district court which meets on the 5th of November, prox.; and offered proof that the sureties on said bond were good for the amount of $5,000; that the sheriff refused to take said bond, and applicant tendered said bond into court. The court rejected said testimony as immaterial. For the purpose of this appeal we will consider the same as before us. After the magistrate heard the case as an examining court and fixed the bail, and the bond has been given in the amount required, on the surrender of the accused by his sureties, it is the duty of the sheriff to take a new bond with good sureties in the same amount as was fixed by the magistrate. Article 319, Code Criminal Procedure. It is not optional with the sheriff to fix the amount of bail. Article 295, Code Criminal Procedure, authorizes an increase of bail, where the bail taken for any reason is insufficient; but this must be done on proper affidavit presenting that matter. This character of proceeding was not adopted. See further on this subject, Ex parte Porter, 16 Texas Crim. App., 321. While a justice of the peace may not discharge one accused of a capital felony, he may fix the bail, and as to this matter, his jurisdiction appears to be final, until indictment found, or in the absence of an application to increase the bail. As presented to us, the judge below was not authorized to go into the merits of the case, there being no application or motion to increase the bail. On the proof made he should have ordered the sheriff to take the bail as fixed by the committing magistrate, and it is now so ordered. The judgment is reversed, and the sheriff is ordered to take bail with good and sufficient sureties in the amount fixed by the magistrate in the sum of $5,000.

*Bail granted.*